# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **JAMES CARL DEITRICH**, | ) |
| | ) |
| Plaintiff, | ) CIV. NO.: 2007-cv-104 |
| v. | ) |
| | ) |
| **WYNDHAM WORLDWIDE CORP**., and | ) |
| **EQUIVEST ST. THOMAS, INC**., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Finch, Senior Judge

THIS MATTER comes before the Court on James Deitrich's Motion Seeking Withdrawal of the District Court's Reference to Bankruptcy Court ("Motion to Withdraw Reference"). In support of his Motion to Withdraw Reference, Deitrich presents three principal arguments: (1) the Bankruptcy Court does not have subject matter jurisdiction over this matter; (2) the proceeding against Wyndham Worldwide Corp [hereinafter "WWC"] is a non-core proceeding; and (3) plaintiff has demanded a jury trial against WWC. For the reasons that follow, the Motion to Withdraw Reference will be DENIED.

**I.      Factual and Procedural Background**

On July 2, 2007, Equivest St. Thomas, Inc. [hereinafter "ESTI"] filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101 et seq. ("Chapter 11") in the United States Bankruptcy Court of the Virgin Islands. On August 31, 2007, Deitrich filed a discrimination complaint against WWC and ESTI in this Court. On November 17, 2007, ESTI filed a suggestion of bankruptcy with this Court.

On March 18, 2008, Deitrich was added as a creditor of ESTI in the bankruptcy case. However, upon motion of ESTI, the Bankruptcy Division issued an order disallowing Dietrich's claim against Equivest on June 18, 2008. (Order Disallowing Claim No. 29-1 filed by James C. Deitrich, Case No. 07-30011.) On October 7, 2008, ESTI filed a motion in this Court for summary judgment on all claims asserted by Deitrich on the grounds that the Bankruptcy Division's confirmation of ESTI's Chapter 11 Plan of Reorganization [hereinafter "ESTI Chapter 11 Plan"] had discharged Deitrich's claims against both ESTI and WWC. In an order dated January 16, 2009, the Bankruptcy Division directed Deitrich to "file a notice of dismissal, with prejudice, of the Deitrich Litigation."[1] Deitrich appealed from the Bankruptcy Division's January 16, 2009 Order.[2]

On June 10, 2009, the district court dismissed Deitrich's appeal. (D.C. App. Civil No. 2009-27.) On August 25, 2009, the Magistrate Judge entered an order directing Deitrich to file a notice of dismissal with prejudice as to the entire litigation, *i.e.*, as to both WWC and ESTI in compliance with the Bankruptcy Court's January 16, 2009 Order.

On August 30, 2009, Deitrich filed a motion for reconsideration of the Magistrate Judge's

---

[1] In the Bankruptcy Division's Jan. 16, 2009 Order, the Bankruptcy Court indicates that the term "Deitrich Litigation" has the same meaning as that ascribed to it by ESTI in its motion to enforce the reorganization plan. In its Motion, ESTI identifies the complaint titled "James C. Deitrich v. Wyndham Worldwide Corp. and Equivest St. Thomas, Inc., No. 07-cv-104 as the "Deitrich Litigation."

[2] In Deitrich's appeal, he acknowledged that the discharge of Equivest's debts under Chapter 11 operated as an injunction against the continuation of the lawsuit before the Court but asked the District Court to modify the "post-conformation [sic] injunction imposed because the debtor and its corporate parent have committed fraud" against the court by refusing to reveal to Deitrich information about insurance coverage by either ESTI or its parent company WWC. The appellee sought dismissal of the appeal, citing its untimeliness and the lack of prosecution. The motion to dismiss was unopposed and the District Court in St. Thomas dismissed the appeal.

August 25, 2009 order. On September 11, 2009, the Magistrate Judge entered an order denying Deitrich's motion for reconsideration. Deitrich appealed the Magistrate Judge's order to this Court. The Court did not reach the merits of the appeal but instead, pursuant to 28 U.S.C. § 157(a) and the April 1, 1990 Standing Order of this Court referring to the Bankruptcy Division all matters in which subject matter exists under 28 U.S.C. § 1334, entered an Order on November 13, 2009 referring the matter to the Bankruptcy Court, Division of St. Thomas & St. John.

Subsequently, on November 20, 2009, the Bankruptcy Division opened an adversary proceeding encompassing Deitrich's claims against the Defendants, captioned as James C. Dietrich v. Equivest St. Thomas, Inc. and Wyndham Worldwide Corp, Case No. 09-ap-03091. In a separate order entered on November 23, 2009, the Bankruptcy Division directed Dietrich to appear before it at a hearing on February 2, 2010, to show cause as to why he should not be held in contempt and sanctioned for his continued pursuit of this action after the appeal was dismissed on June 10, 2009. On January 11, 2010, Dietrich responded to the show cause order arguing that the Bankruptcy Division lacked jurisdiction to hear his claims against the defendants in this matter. On January 12, 2010, Deitrich filed the instant motion with this Court seeking withdrawal of the reference to the Bankruptcy Division.

**II      Discussion**

**A. The Bankruptcy Court has Jurisdiction over Deitrich's Claims**

As a preliminary matter, the Court finds Deitrich's argument that the bankruptcy court lacks subject matter jurisdiction to be erroneous.

Subject matter jurisdiction over bankruptcy and bankruptcy related matters originates with the district court pursuant to 28 U.S.C. § 1334(a) which provides that "the district courts

shall have original and exclusive jurisdiction of all cases under title 11." Section 1334(b) specifically provides that the district court "shall have original but *not exclusive* jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11" (emphasis added). Section 157(a) of title 28 of the United States Code provides the mechanism by which the district court can refer such proceedings to the bankruptcy court. Pursuant to section 157(a), "each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." On April 1, 1990, in accordance with sections 1334(b) and 157(a) of title 28 of the United States Code, this Court implemented a Standing Order referring to the Bankruptcy Division all matters in which subject matter exists under 28 U.S.C. § 1334. The instant matter was referred to the Bankruptcy Division pursuant to that Standing Order and 28 U.S.C. § 157(a).

While the Court agrees that Deitrich's claim against WWC is not a "core proceeding" as that term is employed in section 157(b)(2),[3] the language of section 157(a), makes clear that a proceeding need not be a "core-proceeding" to be heard by a bankruptcy judge. It is sufficient if the proceeding is "related to a case" under title 11. *See also* 28 U.S.C. § 157 (c) (1) (providing

---

[3]Section 157 (b)(2)(A-P) provides a non-exclusive list of the kinds of proceedings that qualify as core-proceedings. 28 U.S.C.A. § 157. Following Third Circuit precedent, "a proceeding is core under Section 157 if it invokes a substantive right provided by Title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Northwestern Institute of Psychiatry, Inc*., 272 B.R. 104, 107 -08 (E.D. Pa. 2001) (citing *In re the Guild and Gallery Plus, Inc*., 72 F.3d 1171, 1178 (3d Cir.1996) (citations omitted)); 28 U.S.C. § 157(b)(2))). As the Third Circuit determined in *Copelin v. Spirco, Inc.*, 182 F.3d 174 (3d Cir. 1999), a proceeding to collect a judgment from a non-debtor who becomes involved in a bankruptcy court proceeding through the confirmation of a reorganization plan is a non-core proceeding. *Id*. at 180. Although the situation in the instant case involves a cause of action rather than a judgment, the same reasoning applies.

that "[a] bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11").

The often-quoted test for whether a civil proceeding is *related to* a case under title 11 is "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1994), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35 (1995) (emphasis added)). "Thus, the proceeding need not necessarily be against the debtor or debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action . . . and which in any way impacts upon the handling and administration of the bankrupt estate." *Id*. "Proceedings 'related to' the bankruptcy include . . . suits between third parties which have an effect on the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995) (citing 1 Collier on Bankruptcy ¶ 3.01[1] [c] [iv], p. 3-28 (15th ed. 1994)).

Here, plaintiff was pursuing a cause of action for employment discrimination against WWC, the parent company of ESTI. WWC was named as a Released Person in ESTI's chapter 11 plan and was thereby released from any claims of derivative liability asserted against ESTI.[5]

---

[5] The ESTI Chapter 11 plan, confirmed by the Bankruptcy Court on June 18, 2008, defines a Released person as "ESTI and the ESTI Related Defendants as well as their respective predecessors, successors, assigns, heirs, agents, representatives, direct and indirect parent companies, subsidiaries and affiliates . . . alleged to be liable derivatively through any of the foregoing." (ESTI Chapter 11 Plan, Art. 1.3 (eee).) The Plan further provides that "each holder of a Claim . . . shall be deemed to unconditionally have released the Released Persons, including the ESTI Related Defendants, as of the Effective Date from any and all Claims, obligations, rights, suits, damages, causes of action, remedies and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that such Person or Entity would have been legally entitled to assert in its own right . . . based in whole or in part upon any act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date in any way relating or pertaining to, arising out of,

The terms of the complaint suggest that Deitrich's action against WWC rested on its derivative liability as the parent company of ESTI.[6] Thus, the outcome of the litigation, or whether it could even go forward, impacted the bankruptcy proceeding sufficiently to provide the bankruptcy court with "related to" subject matter jurisdiction. In the analogous situation of where a creditor attempts to pierce the corporate veil or brings an alter ego action against the debtor corporation, this kind of action has been classified as a proceeding "related to" the title 11 bankruptcy case of the debtor. *See, e.g., Phar-Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1239 (3d Cir. 1994) (citing *Davis v. Merv Griffin Co.*, 128 B.R. 78, 96 (D. N.J. 1991)).

### B. Withdrawal of Reference is not Mandated or Advisable

Section 157 (d), of title 28 of the United States Code provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interestate commerce.

Although withdrawal of reference pursuant to the first sentence of 28 U.S.C. § 157(d) is permissive and the term "cause" has not been defined, "the statute requires in clear terms that cause be shown before the reference can be withdrawn." *Northwestern Institute of Psychiatry, Inc. v. Travelers Indem. Co.*, 272 B.R. 104, 107 (E.D. Pa. 2001) (citing *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir.1990)).

---

based upon and/or relating to: ESTI or the Reorganized Debtor. (ESTI Chapter 11 Plan, Art. 9.5.3.)

[6]In the complaint initiating this lawsuit, Deitrich alleges that he was employed as a time share salesman by the Virgin Islands subsidiary Equivest St. Thomas, Inc. (Compl. ¶ 26.)

In ruling on a motion to withdraw, district courts consider whether one or more of the following goals will be promoted by withdrawal: (1) uniformity in bankruptcy administration; (2) reduction in forum shopping and confusion; (3) fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process. *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990) (citations omitted). As a threshold matter, "a district court considering a motion to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993). Where a proceeding in bankruptcy is a non-core proceeding, the bankruptcy court is limited to establishing findings of facts and conclusions of law, which are subject to *de novo* review by the District Court. 28 U.S.C. § 157(c)(1). Thus, there may be circumstances under which it is more efficient to have the entire proceeding heard in district court. *Orion Pictures Corp.*, 4 F.3d at 1101. However, "[p]roceedings should not be withdrawn for the sole reason that they are non-core." *General Elec. Capital Corp. v. Teo*, 2001 WL 1715777, at *4 (D.N.J. 2001) (citing *Katzev v. Dunavant*, 1997 WL 786461, at *5 (E.D. Pa.1997) (internal quotations omitted). "Instead the 'cause shown' requirement in section 157(d) creates a presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court unless rebutted by a contravening policy. " *Id*. (citations omitted).

A similar reasoning applies where a movant claims a right to a jury trial.[7] It is a factor considered by district courts when deciding a motion to withdraw but it is not dispositive. *Id*. at *5. *See also In re Innovative Communication Corp*., 2008 WL 3928699, at *3 (D.V. I. Aug. 21,

---

[7] *Beard v. Braunstein*, 914 F.2d 434, 443 (3d Cir. 1990) (holding that "the Seventh Amendment limitations on the review of jury findings are not compatible with section 157(c)(1), which requires that any contested finding by the bankruptcy court must be reviewed de novo").

2008) (citations omitted) (holding that "withdrawal need not be granted as a matter of course at any point during a proceeding in which a jury demand is made"). Where the district court determines that a "case is unlikely to reach trial" or that a case will require "protracted discovery and court oversight before trial," it is justified in denying the motion to withdraw. *In re Orion Pictures Corp.*, 4 F.3d at 1101. Accordingly, "a court may deny a motion to withdraw on the basis of a jury demand while allowing the movant to renew the motion when the bankruptcy court certifies that the adversary proceeding is ready for trial." *Growe ex rel. Great Northern Paper Inc. v. Bilodard, Inc.*, 2005 WL 1177718, at *1 (D. Me. May 19, 2005) (citations omitted). The Court finds that although plaintiff has demanded a jury trial, it is not clear at this time that the case will proceed to trial and thus withdrawal may properly be denied.

Despite the fact that the proceeding is non-core and that Deitrich alleges a right to a jury trial, the Court is not persuaded that the facts of this case weigh in favor of withdrawing the reference. The tenuous nature of Deitrich's claim (which has already been rejected by the bankruptcy court) indicates that the case is unlikely to reach trial. Moreover, given the depth of involvement of the bankruptcy court with the litigants in this proceeding, maintaining the proceeding in that court is more likely to conserve the resources of both the litigants and the courts. Deitrich has offered no evidence that the goal of promoting uniformity in bankruptcy administration or of reducing forum shopping will be served by immediate withdrawal of the action that was referred to bankruptcy court.

Deitrich also alludes to the mandatory withdrawal requirement under section 157(d) when he alleges that the case requires that the court address "complex non-bankruptcy laws of the United States." Pursuant to section 157(d), a district court is required to withdraw a reference where the proceeding "requires consideration of both title 11 and other laws of the

8

United States regulating organizations or activities affecting interstate commerce." However, plaintiff has failed to assert what "complex non-bankruptcy laws of the United States" are applicable. Moreover, despite the broad language of this statute, courts have held that "[m]andatory withdrawal is to be applied narrowly" and will only be required "if the proceedings cannot be resolved without *substantial and material consideration* of non-bankruptcy laws. *In re G-I Holdings, Inc*., 295 B.R. 211, 221 (D. N.J. 2003) (citations omitted) (emphasis added). *See also City of New York v. Exxon Corp*., 932 F.2d 1020, 1026 (2d Cir. 1991) ("This mandatory withdrawal provision [28 U.S.C. § 157 (d)] has been interpreted to require withdrawal to the district court of cases or issues that would otherwise require a bankruptcy court judge to engage in significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes."). Having failed to even identify which non-Bankruptcy Code law applies, Deitrich has certainly not shown that "substantial and material consideration" of non-Bankruptcy Code statute is necessary for a resolution of his claim. Therefore, Deitrich cannot prevail on his motion for withdrawal on this basis.

The Court concludes that Deitrich has failed to show cause for withdrawal of the referral of this matter to the Bankruptcy Court. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Withdraw is **DENIED**.


**DATED:** February 3, 2010  _____S_____
RAYMOND L. FINCH
U.S. DISTRICT JUDGE